**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RELYANCE BANK** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-00306-HTW-LGI**

**BLOSSOM APARTMENTS, LLC,
TAUSHA SANDERS, EDWARD HENIFIN,**
*in his official capacity as Interim Third-Party
Manager of City of Jackson's Water* **DEFENDANTS**

**ORDER**

Before the Court is the Intervenor, Jxn Water Inc.'s Motion to Consolidate [10], wherein the movant seeks to consolidate the captioned case herein with *JXN Water, Inc., et al. v. Blossom Apartments, LLC*, Case No. 3:25-cv-00660-HTW-LGI.[1] On June 8, 2026, each of the defendants filed a response in opposition to the Motion [10]. *See* Doc. Nos. [11], [12], and [13]. The Intervenor filed a Reply [14]. While the subject Motion [10] was pending, the parties filed a separate Motion for Settlement [15],[2] setting forth as a term of settlement that "the Motion to Consolidate filed in the 306 Case is granted. The 306 Case shall be consolidated with the 660 case. The cases shall continue with Case 660 remaining as the lead case." Case 3:26-cv-00306-HTW-LGI, Doc. No. [15].

Noting the parties' representations in the separate motion, the undersigned sought clarification from the parties, as to whether all parties agreed that the Motion to Consolidate is now unopposed. Email correspondence from the undersigned to counsel for all parties, dated

---

[1] Notably, the case docket sheet for *JXN Water, Inc., et al. v. Blossom Apartments, LLC*, Case No. 3:25-cv-00660-HTW-LGI reflects that it is also a "member case" to *United States of America v. The City of Jackson, Mississippi, et al.*, 3:22-cv-00686-HTW-LGI.

[2] The Motion for Settlement [15] is being handled by District Judge Wingate.

10/27/2026. Having been advised that the Motion [10] is indeed unopposed,[3] this Court briefly considers the consolidation factors, and as a matter of judicial economy consolidates the instant matter with *JXN Water, Inc., et al. v. Blossom Apartments, LLC*, Case No. 3:25-cv-00660-HTW-LGI.

Pursuant to Federal Rule of Civil Procedure 42(a), the Court may consolidate actions involving common questions of law or fact. "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). "And consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Taylor v. Buckner*, No. 3:14CV352 DPJ-FKB, 2016 WL 11612544, at *1 (S.D. Miss. Sept. 8, 2016) (citation omitted) (internal quotation marks omitted). In exercising their broad discretion in determining whether consolidation is appropriate, courts consider many factors, including:

(1) whether the actions are pending before the same court,

(2) whether common parties are involved in the cases,

(3) whether there are common questions of law and/or fact,

(4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately,

(5) whether consolidation will conserve judicial resources,

(6) whether consolidation will result in an unfair advantage,

(7) whether consolidation will reduce the time for resolving the cases, and

[3] On October 28, 2026, counsel for Jxn Water, Relyance Bank, and the Receiver all advised there is no objection to this Court granting the subject Motion [10] as unopposed. On October 29, 2026, counsel for Tony Little and Tausha Sanders also advised there was no objection.

(8) whether consolidation will reduce the cost of trying the cases separately.

*Taylor*, 2016 WL 11612544, at *1.

This Court finds that the *Taylor* factors indeed weigh in favor of consolidation, pursuant to Rule 42(a), as the separate actions involve common questions of law or fact. The cases have overlapping parties. These cases involve some commonality of fact, so consolidation would not likely cause confusion or prejudice; any risk of confusion or prejudice is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately. Given the factual similarities and interrelatedness of the relief sought, consolidation is prudent, as it will avoid unnecessary costs or delay. Both cases will utilize many of the same witnesses and records, since both cases involve common issues.

Both actions are pending in the United States District Court for the Southern District of Mississippi in the Northern Division. The Defendants are represented by the same respective attorneys in both cases. And all parties agree to the consolidation. Thus, consolidation of these cases will serve to reduce the costs and expenses of all parties.

IT IS THEREFORE ORDERED that Defendants' *Motion to Consolidate Cases* [10] is hereby GRANTED. These matters are hereby consolidated for all purposes, including trial. All future pleadings and filings shall be filed only in Civil Action No. 3:25-cv-00660-HTW-LGI.

IT IS, FURTHER ORDERED that the Clerk of the Court shall consolidate *JXN Water, Inc., et al. v. Blossom Apartments, LLC*, Case No. 3:25-cv-00660-HTW-LGI with the above-styled and numbered cause.

**SO ORDERED**, this the 3rd day of November, 2026.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE